JOHN LANG *vs.* ANDREW P. BUNKER & another.

An officer's return upon a notice by a poor debtor of his intention to take the oath pre-
scribed by statute for his discharge, cannot be questioned in an action upon a recogni-
zance entered into by the debtor upon his arrest.

Under *St.* 1857, *c.* 141, § 4, justices of the peace and of the quorum have no jurisdiction to
act in the examination and discharge of poor debtors, if any of the other officers named
therein can be conveniently found.

DEWEY, J. This is an action upon a poor debtor's recogni-
zance, conditioned for delivering himself up for examination and
discharge, as required, on arrest on execution, under *St.* 1857,
*c.* 141. The plea in defence alleges performance of the condi-
tion of the bond. This depends upon the view to be taken by
the court of the provisions of the act just cited. It appears
that a formal and proper notice to the creditor, of the time and
place of such proposed examination and taking the oath of a
poor debtor, was duly issued by Joseph H. Tyler, a master in
chancery, and duly authorized to do such acts. The return of
the deputy sheriff, as to the service thereof, appears on its face
sufficient, and, being so, is not to be questioned in the present
action. If it is false, or there has been any fraud in that respect,
in some other form redress may be obtained therefor.

2. The further inquiry however is, were the examination and
administration of the oath for the relief of the debtor, who was
held under arrest on execution, had before a proper magistrate?
This obviously presents a question of more general bearing and
practical importance. The earlier system, with which we are
all so familiar, was that of a tribunal composed of two justices
of the peace and of the quorum; and this system prevailed from
the year 1787 to the passage of *St.* 1855, *c.* 444, when a mate-
rial change in this respect was introduced. This statute was
followed by *St.* 1857, *c.* 141, under which the present case oc-
curred.

This statute has provided that, for the purpose of such exam-
ination and administration of the poor debtor's oath, the party
shall be taken " before some justice of a court of record, police

court, judge of probate, master in chancery, or commissioner of insolvency; or, if no such magistrate can be conveniently found, before some justice of the peace and of the quorum." *St.* 1857, *c.* 141, § 4. Under this state of the law, as to the jurisdiction in cases of this nature, under the notice given to the creditor of Bunker, the proceedings were had solely before Dexter Buckman, a justice of the peace and of the quorum of the county of Middlesex. His certificate as to the examination and oath is in the form proper and adapted to the case, if the case was duly before him; but nothing appears in the certificate showing that the cause of his taking jurisdiction was that no one of the other magistrates named in the statute "could be conveniently found."

In the opinion of the court, the authority of a justice of the peace and of the quorum to act in this matter arises where none of the other officers named in § 4 of *St.* 1857 " can be conveniently found." The object of the statute obviously was, to introduce to the discharge of this duty a higher grade of officers than formerly was required; but at the same time to provide against practical inconveniences which might arise from inability to procure a proper magistrate. To hold that a justice of the peace and of the quorum was, under any and all circumstances, authorized to take jurisdiction in case of poor debtors applying to take the oath and obtain a discharge from imprisonment, would render wholly futile the limitation directly stated in the statute, " if no such magistrate (referring to the others already named) can be conveniently found." To give proper effect to it, we must therefore require that fact, in some form, to appear. Whether a recital of the same on the face of the certificate, given by a justice of the peace and of the quorum, would be conclusive, it is not necessary to decide in the present case. No such fact is certified; and the creditor asks to prove affirmatively that one or more of the other magistrates named as proper officers for the discharge of that duty were at hand ready to perform it, and could have been conveniently found if the debtor had so purposed. To this extent the proposed evidence was competent; and if these facts are established by proof, it will

22 *

show that the person who administered the oath to the debtor had no jurisdiction in the matter, and that these proceedings constitute no defence to the present action. The verdict for the defendants must therefore be set aside. *Exceptions sustained.*

*E. Ripley*, for the plaintiff.

*A. V. Lynde*, for the defendants.